**In re The Application of UNITED STATES of America ex rel., J. David NAVARETTE, Sr., and Taxpayers Against Fraud, a non-profit corporation, for an ex parte order.**

Civ. A. No. 87–K–766.

United States District Court, D. Colorado.

June 2, 1987.

John R. Phillips, Joel R. Reynolds, Los Angeles, Cal., H. Anthony Ruckel, Denver, Colo., for plaintiffs.

ORDER

KANE, District Judge.

This is a *qui tam* action brought under the False Claims Act, 31 U.S.C. § 3729. As amended in 1986 the appending statute, 31 U.S.C. § 3730, provides:

> (b) . . .
> (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. *The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders.* The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information. (Emphasis added.)

Based on the foregoing provisions the plaintiffs in this action have applied for an order granting leave to file the complaint *in camera* and under seal. At the risk of appearing to be picayune, I decline to grant the application or sign such an order.

I note, first of all, that the statute does not require a court order for filing the complaint in camera. To me, there are exceedingly important questions concerning the separation of powers, the public nature of judicial proceedings and the judicial function which militate against a diffident compliance with the application to place a judicial imprimatur on the deliberate inauguration of secret judicial proceedings. I have discussed these issues in far greater detail in *Lorenz v. U.S. Nuclear Regulatory Commission*, 516 F.Supp. 1151 (1981). Suffice it to say that I do not believe it is appropriate for a judge to sign an order where none is called for. Further, the signing of an order without deliberation merely because a statute suggests a certain procedure is mandatory is at best a

clerical act, not a judicial one. Under the separation of powers doctrine, I do not believe the legislature can or should attempt to require judges to perform non-judicial acts.

An examination of the statute and its legislative history (1986 U.S.Code Cong. and Adm.News, p. 5266) discloses a purpose which is not without reason. Obviously, the filing of such qui tam actions might interfere with an ongoing criminal investigation or even some delicate transnational negotiations. I do not wish to be misinterpreted as demeaning such considerations. Nevertheless, I am guided by an overriding consideration expressed by Justice Frankfurter in *Levine v. United States*, 362 U.S. 610, 616, 80 S.Ct. 1038, 1042, 4 L.Ed.2d 989 (1960) that "due process demands appropriate regard for the requirements of a public proceeding ... for all adjudications through the exercise of the judicial power, barring narrowly limited exceptions such as may be required by the exigencies of war, or for the protection of children."

It is obvious that the objective of the statute could be realized by other, less intrusive means. For example, notice and application to the Attorney General for authority to file a qui tam action similar to the notice of claim requirements contained in the Federal Tort Claims Act would accomplish the same purpose without implicating the judiciary in sub rosa proceedings. While such choices are clearly within the province of the legislative function, I observe them to suggest why I believe the statute must be strictly construed. Succinctly stated: the statute does not require an order to maintain a file under seal so I decline to issue one. If the clerk of the court thinks he should comply with the statute, he may do so on his own authority.